## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 18-55347 |
| | : | |
| **The Gathering Place of Columbus** | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |

**MOTION OF THE GATHERING PLACE OF COLUMBUS, DEBTOR AND DEBTOR IN POSSESSION, FOR THE ENTRY OF AN ORDER (I) GRANTING AUTHORITY TO (A) PAY CERTAIN PREPETITION EMPLOYEE COMPENSATION, AND RELATED ITEMS, (B) MAKE CERTAIN PAYMENTS FOR WHICH PAYROLL DEDUCTIONS WERE MADE, AND (C) PAY ALL COSTS AND EXPENSES INCIDENT THERETO PURSUANT TO § 105 OF THE BANKRUPTCY CODE AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH RELIEF**

The Gathering Place of Columbus, the above-captioned debtor and debtor in possession ("Debtor" or "The Gathering Place"), hereby moves the Court for the entry of an order: (i) granting authority to Debtor, in accordance with its stated policies, to (a) pay certain prepetition employee payroll and miscellaneous payroll items, (b) make payments for which employee payroll deductions were made, (c) pay all costs incident to the foregoing payments (including payroll-related taxes and processing costs); and (ii) authorizing and directing applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on Debtor's general operations and/or payroll account, and automatic payroll transfers to the extent that such checks or transfers relate to any of the foregoing payments.

In support of this Motion, Debtor respectfully represents as follows:

### JURISDICTION

1.      The Debtor commenced this case by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on August 24, 2018 (the "Petition Date").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The matters raised herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2). The Debtor continues to operate its business as a debtor in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

## **BACKGROUND**

3. The Debtor, The Gathering Place of Columbus, is an Ohio non-profit 501(c)(3) religious organization serving the Columbus area, operating out its church facility located at 3550 E. Deshler Ave., Columbus, OH 43227 (the "Church Facility"). The Debtor was founded in May of 1993, as an Ohio non-profit corporation having the charter number of 844254, then known as Romans Church of God of the Apostolic Faith, Inc. In 1995, the Debtor's name was changed to Roman Apostolic Church Incorporation. Effective January 1, 2014 the Debtor merged with another Ohio non-profit corporation called The Gathering Place of Columbus, having charter number 2103567 ("Old Gathering Place of Columbus"), with the Debtor being the surviving entity, but with its name changed to The Gathering Place of Columbus. As part of the merger, Old Gathering Place of Columbus was merged out of existence.

4. In addition to providing a house of worship, the Debtor also operates a daycare facility known as The Gathering Place Academy. The Gathering Place Academy is a d/b/a of the Debtor. The Debtor's mission is to provide religious based services to all people regardless of age, race, and economic status, including day care services. The Debtor primarily serves low-income individuals and families in and around the Linwood area of Columbus. Just prior to the merger in January of 2014, Pastor Lateef Hafeez was appointed by the Debtors' Board of Trustee's as President and Chief Executive Officer ("Pastor Lateef").

2

5. Following the merger in 2014, the Debtor discovered that the Church Facility was in need of significant repairs to its HVAC system in excess of $40,000.00. In addition to the cost of these repairs, Pastor Lateef and the Trustees discovered legacy debts from its operation as Roman Apostolic Church Incorporation. Thus from the outset of the merger, the Debtor operated in extreme financial hardship for several years.

6. The Debtor's revenue is primarily derived from funding provided by the Ohio Department of Jobs and Family Services in conjunction with its daycare services, as well as from tithing from its church congregation. The Debtor's total revenues for the 2017 year end were $442,326.18.

7. The Debtor directly employs twelve (12) people, four (4) of which are part time, and eight (8) of which are full time (the "Employees").[1] Of the Employees, seven (7) work directly with the daycare services provided to low income families, and the remaining five (5) are employed for purposes of religious services.

8. The Debtor's financial hardships ultimately culminated in its inability to stay current with payments owed to Heartland Bank relative to a cognovit promissory note that is secured by a first mortgage on the Church Facility. The Heartland financing was incurred back in January of 2008. In April of 2017, Heartland Bank initiated a lawsuit against the Debtor in the Franklin County Common Pleas Court, Case No. 17 CV 0003871, wherein Heartland Bank was ultimately awarded a cognovit judgment in its favor in the principal amount of $404,927.94. Shortly thereafter, in June of 2017, Heartland Bank initiated a foreclosure action against the Debtor as it relates to the Church Facility in the Franklin County Common Pleas Court, Case No. 17 CV 5296. The Debtor and Heartland Bank entered into a forbearance agreement, but disputes arose regarding the parties' respective performance under that agreement, culminating in a demand

---

[1] The Debtor's employee count fluctuates between eleven (11) and thirteen (13) Employees. Approximately three (3) to four (4) of such Employees are employed on contract basis.

letter issued in May of this year, by Heartland Bank. Ultimately, Heartland reinitiated its efforts to foreclose on the Church Facility, and the Church Facility is presently set for a foreclosure sale on August 29, 2018.

9. In addition to the secured obligation owed to Heartland Bank, the Debtor has approximately $99,405.00[2] in other secured debt and approximately $38,095.00 in unsecured priority and non-priority debt.[3]

10. The Debtor commenced this Chapter 11 proceeding to bring a halt to the foreclosure of the Church Facility, and to address its financial situation in a centralized forum. The Debtor expects to timely propose a Chapter 11 Plan in an effort to reorganize its financial affairs.

## REQUEST FOR AUTHORITY TO PAY CERTAIN PRE-PETITION EMPLOYEE CLAIMS

11. On the Petition Date, certain of the Debtor's Employees were owed or had accrued entitlements to various sums for wages, vacation, and miscellaneous payroll items (collectively, the "Prepetition Compensation").

12. In addition, as of the Petition Date, Debtor has made deductions from Employees' compensation to make payments on behalf of such Employees for employee taxes and other third party payments, including but not limited to, employee portions for health insurance, wage garnishment, and child support payments. In this instance, Debtor deducts a sum of money from the Employees' compensation, and pays that amount to a third party (collectively, the

---

[2] The Debtor acknowledges that Huntington National Bank has a UCC-1 Financing Statement reflecting a blanket lien on assets filed of record with the Ohio Secretary of State. However, the Debtor submits that this obligation has been paid in full, and thus no cash collateral arrangements are presently necessary

[3] The Debtor reserves the right to review and, to the extent it deems appropriate, contest the validity of any and all claims presented against both it and the estate. Information regarding the amount of secured and unsecured debt is provided by way of background for the purposes of context

4

"Deductions"). Prepetition Compensation and Deductions were due and owing as of the Petition Date because, among other things:

(a) Debtor filed its chapter 11 petition during one of its regular and customary salary, compensation and hourly wage payroll periods;

(b) Some payroll and expense reimbursement checks issued to Employees prior to or on the Petition Date may not have cleared the banking system and accordingly, would not have been honored and paid as of the Petition Date;

(c) Employees have not yet been paid certain of their contractual compensation for services previously rendered to Debtor; and

(d) Certain other forms of compensation that are related to prepetition services have not yet been paid to or for the benefit of Employees because such benefits, although accrued either in whole or in part prior to the Petition Date, were not payable at such time, but rather will become payable in the ordinary course of Debtor's business.

13. As of the Petition Date, the Debtor's Employees were owed Prepetition Compensation attributable to twenty-one (21) days (August 3, 2018 through August 23, 2018) (the "Pay Period"). Prepetition Compensation and Deductions attributable to this Pay Period is estimated to be $10,330.00.[4]

14. Debtor seeks authority to pay all Prepetition Compensation and Deductions that have accrued but remain unpaid as of the Petition Date as and when such amounts become due and payable, as well as associated payroll taxes. In addition, to continue to be in a position to operate its business, Debtor seeks authority to continue its policy of permitting certain of its Employees to incur business-related expenses and thereafter seek reimbursement by submitting appropriate receipts. Any delay in paying the Prepetition Compensation and Deductions could irreparably impair the Debtor's relationships with its Employees. The Debtor simply cannot risk the

---

[4] The August 31, 2018, payroll will cover the period of August 3, 2018 through August 16, 2018. The September 14, 2018, payroll will cover the period of August 17, 2018 through August 30, 2018, thus including seven (7) days attributable to the pre-petition time frame.

5

substantial damage to its business that would inevitably attend any decline in its Employees' morale attributable to the Debtor's failure to timely pay wages, salaries and other similar items.

## JUSTIFICATION FOR GRANTING REQUESTED RELIEF

15. As stated above, Debtor estimates the total amount of Prepetition Compensation and Deductions owed or accrued as of the Petition Date, not including accrued vacation or other benefits for certain of its Employees, is estimated to be $10,330.00, all of which are payroll, or payroll related for the Pay Period. The Debtor estimates approximately $2,168.00 of payroll taxes have accrued and remain unpaid as it relates to the Pay Period, with approximately $1,427.00 of that amount attributable to trust fund taxes. [5]

16. The Debtor estimates that the accrued paid time off benefit for Employees who are entitled to such benefit is approximately $1,120.00. Debtor notes that it is not requesting to pay the amount of accrued but unused sick, personal, and/or vacation benefits to its Employees. With respect to this benefit, Debtor is simply asking for authority to continue allowing Employees who were previously entitled to such benefits to utilize these benefits in the ordinary course of business.

17. Debtor seeks immediate relief, pursuant to § 105 of the Bankruptcy Code, to authorize it to pay the Prepetition Compensation and Deductions in accordance with its stated policies, as well as all payroll related taxes. Any delay in paying Prepetition Compensation, and Deductions or payroll taxes will adversely impact Debtor's relationships with its Employees and will irreparably impair the Employees' morale, dedication, confidence, and cooperation. Employee support for Debtor's reorganization efforts is critical to the success of those efforts.

18. Moreover, absent an order granting the relief requested in this Motion, the Employees will suffer undue hardship and, in many instances, serious financial difficulties,

---

[5] For purposes of clarity, the Debtor is not requesting that it be permitted to pay past-due payroll taxes associated with prior payroll periods. The Debtor only seeks authority to pay, in its discretion, those payroll taxes with respect to the Pay Period.

because the amounts in question are needed to enable the Employees to meet their own personal financial obligations. Finally, without the requested relief, the stability of Debtor will be undermined, perhaps irreparably, by the possibility that otherwise loyal Employees will seek other employment alternatives.

19. Pursuant to § 507(a)(4) of the Bankruptcy Code, Debtor's Employees may be granted a priority unsecured claim against Debtor's estate for:

> [A]llowed unsecured claims, but only to the extent of $12,850 for each individual . . . earned within 180 days before the date of the filing of the petition . . . for --
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual. . . .

11 U.S.C. § 507(a)(4). The Debtor is not aware of any Employee owed in excess of $12,850 for Prepetition Compensation.

20. Numerous courts have used their equitable powers under § 105(a) of the Bankruptcy Code and the necessity doctrine to authorize payment of a debtor's prepetition obligations where such payment is necessary to effectuate the "paramount purpose" of the chapter 11 reorganization, which is to preserve the debtor's potential for rehabilitation. See, e.g., In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payments of prepetition claims where "payment is necessary to avert a serious threat to the Chapter 11 process"); In re Just for Feet, 242 B.R. 821, 825 (D. Del. 1999) (recognizing "the court's power to authorize payment of prepetition claims when such payment is necessary for the debtor's survival during the chapter 11"); In re SIS Corp., 108 B.R. 608, 609-10 (Bankr. N.D. Ohio 1989) (recognizing that payments on account of prepetition claims may be authorized by a court "premised upon overriding practical and policy reasons"); In re Quality Interiors, Inc., 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[t]his Court often permits the payment of prepetition wages so that the debtor-in-possession may maintain an effective work force"); Pension Benefit Guar.

Corp. v. Sharon Steel Corp. (In re Sharon Steel Corp.), 159 B.R. 730, 737 (Bankr. W.D. Pa. 1993) (approving payment of prepetition employee wage claims).

21. Accordingly, the Debtor requests authority to pay all Prepetition Compensation, and Deductions as and when such amounts become payable. In addition, Debtor requests authority to pay all costs and expenses incidental to Prepetition Compensation and Deductions including, without limitation, related trust fund and non-trust fund taxes and processing costs. Debtor does not seek to alter its compensation, vacation, and other benefit policies. This Motion is intended only to permit Debtor (if it so elects) to make payments consistent with those policies to the extent that, without the benefit of an order approving this Motion, such payments would be inconsistent with the Bankruptcy Code.

**REQUEST FOR ORDER DIRECTING FINANCIAL INSTITUTIONS TO HONOR CHECKS AND TRANSFERS**

22. Debtor further requests that all applicable banks and other financial institutions be authorized and directed by the Court to receive, process, honor, and pay any and all checks drawn on Debtor's general operations and/or payroll account, and all automatic transfers related to Debtor's payroll and compensation whether presented prior to or after the Petition Date, to the extent that such payments relate to Prepetition Compensation and Deductions. Debtor represents that each of these checks is or will be drawn on Debtor's general and/or payroll bank account and can be readily identified as relating directly to Prepetition Compensation and Deductions. Accordingly, checks other than those for Prepetition Compensation and Deductions should not be honored inadvertently.

**NOTICE**

23. No trustee, examiner or statutory committee has been appointed in the Debtor's Chapter 11 case. Notice of this Motion has been provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Debtor's twenty

(20) largest unsecured creditors as identified in its chapter 11 filing; and (c) Heartland Bank or its Counsel (the "Notice Parties"). The Debtor submits that, in light of the nature of the relief requested, no further notice need be given.

## WAIVER OF MEMORANDUM IN SUPPORT

24. Debtor requests that the Court deem the contents of this Motion to be sufficient for purposes of satisfying the memorandum in support of Local Bankruptcy Rule 9013-1(a). The relief requested in the Motion raises no novel issues of law.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, pursuant to § 105 of the Bankruptcy Code: (i) granting authority to Debtor, in accordance with its stated policies, to (a) pay certain prepetition employee payroll and miscellaneous payroll items, (b) make payments for which employee payroll deductions were made, (c) pay all costs incident to the foregoing payments (including payroll-related taxes and processing costs); (ii) authorizing and directing applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on Debtor's general operations and/or payroll account, and automatic payroll transfers to the extent that such checks or transfers relate to any of the foregoing payments; and (iii) granting such other and further relief as the Court may deem proper.

Dated: August 24, 2018          Respectfully submitted

/s/ J. Matthew Fisher
Thomas R. Allen    (0017513)
J. Matthew Fisher    (0067192)
Erin L. Gapinski    (0084984)
Allen Stovall Neuman Fisher & Ashton LLP
17 South High Street, Suite 1220
Columbus, OH  43215
Telephone:  (614) 221-8500
Facsimile:  (614) 221-5988
E-mail:  allen@aksnlaw.com
        fisher@aksnlaw.com
        gapinski@aksnlaw.com
*Proposed Counsel for The Gathering Place Of Columbus*

10

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 18-55347 |
| | : | |
| The Gathering Place of Columbus | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |

**ORDER GRANTING MOTION OF THE GATHERING PLACE OF COLUMBUS, DEBTOR AND DEBTOR IN POSSESSION, FOR THE ENTRY OF AN ORDER (I) GRANTING AUTHORITY TO (A) PAY CERTAIN PREPETITION EMPLOYEE COMPENSATION, AND RELATED ITEMS, (B) MAKE CERTAIN PAYMENTS FOR WHICH PAYROLL DEDUCTIONS WERE MADE, AND (C) PAY ALL COSTS AND EXPENSES INCIDENT THERETO PURSUANT TO § 105 OF THE BANKRUPTCY CODE AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH RELIEF [RELATED TO DOCKET NO. ##]**

This matter coming before the Court on the Motion of The Gathering Place of Columbus, the above-captioned debtor and debtor in possession ("Debtor"), for an Order (I) granting authority to (a) pay certain prepetition employee payroll and miscellaneous payroll items, (b) make certain payments for which employee payroll deductions were made, (c) pay all costs incident thereto, including all payroll-related taxes and processing costs, pursuant to § 105 of the Bankruptcy Code; and (II) authorizing and directing financial institutions to honor and process checks and transfers related to such relief (the "Motion") [Docket No. ##] filed by Debtor; the

Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules; (d) service and notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion shall be, and hereby is, GRANTED.

    2.    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

    3.    Debtor shall be, and hereby is authorized to make all payments required under or related to the Prepetition Compensation and Deductions in accordance with Debtor's stated policies, together with all costs and expenses incident to the payment of the Prepetition Compensation and Deductions, including, without limitation, payroll-related taxes and processing costs, pursuant to § 105 of the Bankruptcy Code.

    4.    All applicable banks and other financial institutions shall be, and hereby are, authorized and directed to receive, process, honor and pay any and all checks drawn on Debtor's payroll or disbursement accounts and any other transfers that are related to the Prepetition Compensation and Deductions and the costs and expenses incident therefrom, whether presented prior to or after the Petition Date, provided that sufficient funds are available in Debtor's payroll or disbursement accounts to make such payments.

IT IS SO ORDERED.

APPROVED AND SUBMITTED BY:

/s/ J. Matthew Fisher
Thomas R. Allen             (0017513)
J. Matthew Fisher           (0067192)
Erin L. Gapinski            (0084984)
Allen Stovall Neuman Fisher & Ashton LLP
17 South High Street, Suite 1220
Columbus, OH  43215
Telephone:    (614) 221-8500
Facsimile:    (614) 221-5988
E-mail:       allen@aksnlaw.com
              fisher@aksnlaw.com
              gapinski@aksnlaw.com
*Proposed Counsel for The Gathering Place Of Columbus*

***Copies to the Default List plus Top Twenty.***